**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5338-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTONIOS D. SILIVERDIS,

    Defendant-Appellant.

_____

        Argued June 26, 2018 — Decided July 19, 2018

        Before Judges Nugent and Accurso.

        On appeal from Superior Court of New Jersey,
        Law Division, Burlington County, Indictment
        No. 16-02-0085.

        A. Harold Kokes argued the cause for
        appellant.

        Alexis R. Agre, Assistant Prosecutor, argued
        the cause for respondent (Scott A. Coffina,
        Burlington County Prosecutor, attorney;
        Alexis R. Agre, of counsel and on the brief).

PER CURIAM

    Following a bench trial, a judge found defendant, Antonios

D. Siliverdis, guilty of both counts of an indictment: third-

degree burglary, N.J.S.A. 2C:18-2(a)(1), and third-degree theft

by unlawful taking, N.J.S.A. 2C:20-3(a). The judge sentenced defendant to serve 180 days in the county jail and two years probation on each count, the sentences to be served concurrently. The judge also imposed appropriate fines, penalties, and assessments.

On appeal, defendant raises the following points for our consideration:

> I. THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.
>
> II. THE INEFFECTIVE ASSISTANCE OF COUNSEL.
>
>> A) DEFENSE COUNSEL ERRED IN ENTERING INTO STIPULATIONS THAT, ESSENTIALLY, CONCEDED THE "LION SHARE" OF THE STATE'S PROOFS TO UNCONTROVERTED FACTS DEFENDANT COULD NOT ATTACK.
>>
>> B) DEFENSE COUNSEL FAILED TO OBJECT TO ANY QUESTIONS, WHATSOEVER, UNTIL THE SECOND DAY OF TRIAL (PAGE 84) DURING THE VICTIM'S TESTIMONY.
>>
>> C) THE CROSS-EXAMINATION OF THE VICTIM IS MORE AKIN TO A DEPOSITION INSTEAD OF TRUE TRIAL CROSS-EXAMINATION.
>>
>> D) DEFENSE COUNSEL FAILED TO MOVE TO DISMISS PURSUANT TO R.3:18-1 AND THE HOLDING IN STATE V. REYES, 50 N.J. 454, 458-459 (1967).
>>
>> E) DEFENSE COUNSEL IMPROPERLY FAILED TO CONDUCT ANY RE-DIRECT EXAMINATION OF DEFENDANT,

WHATSOEVER, TO REHABILITATE ANY POINTS THE STATE MADE THROUGH CROSS-EXAMINATION OF DEFENDANT [NINETY (90) PAGES OF CROSS] THERE WAS NO RE-DIRECT, WHATSOEVER.

F) DEFENSE COUNSEL'S SUMMATION CONTAINED TROUBLING COMMENTS.

G) 1) (GENERAL) EVEN IF THE COURT FINDS THAT EACH OF THE ABOVE POINTS, INDIVIDUALLY, IS NOT SUFFICIENT EVIDENCE OF A "PRIMA FACIE" CASE THAT REQUIRES THAT APPELLANT BE ENTITLED TO EITHER REVERSAL OF HIS CONVICTIONS; OR, AT LEAST, AN EVIDENTIARY HEARING, THE CUMULATIVE EFFECT OF SAME ERRORS SHOULD COMPEL THE COURT TO EITHER REVERSE THE CONVICTION OR GRANT SAME EVIDENTIARY HEARING.

2) (SPECIFIC) APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO OBJECT TO ANY QUESTIONS UNTIL THE SECOND DAY OF TRIAL, CROSS-EXAMINE THE ALLEGED VICTIM, ARGUE A MOTION TO DISMISS AT THE END OF THE STATE'S CASE, PRESENT ANY RE-DIRECT EXAMINATION OF APPELLANT WITHOUT ANY COLLOQUY WITH THE COURT AS TO SAME FAILURE TO RE-DIRECT APPELLANT AND PRESENT THE TROUBLING SUMMATION DEPRIVED APPELLANT OF THE EFFECTIVE ASSISTANCE OF COUNSEL.

III. THE COURT'S SENTENCE WAS EXCESSIVE.

We have considered defendant's arguments in light of the record and controlling law and found them to be without sufficient

merit to warrant extended discussion.  R. 2:11-3(e)(2).  We add the following brief comments.

Defendant first argues the verdict was against the weight of the evidence.  Defendant did not dispute at trial that he entered the victim's home and removed its contents, including flat screen televisions, a refrigerator, a range, and appliances.  Nor did defendant dispute that he loaded the home's contents into his box truck and drove away, never intending to return.  Rather, he contended he had no intention of committing a crime.  He claimed he owned a property maintenance company that contracted with banks or intermediate companies to maintain foreclosed properties.  His work included removing the contents of foreclosed residences.  Defendant testified when he entered the victim's home he mistakenly believed it had not been sold after a foreclosure and a work order to remove its contents and "winterize" it was still in effect.

The judge who heard the case rejected this defense.  The judge found the victim's testimony to be credible and defendant's testimony not to be credible.  The judge explained:

> The damage to the rear windows and door of the [victim's] house . . . indicate that the person who did the damage knew that they had no privilege or license to enter the home. There was no damage to the windows and door when [the victim] left the house in the early hours of October 4, 2015.  He had spent considerable time installing new windows and performing other upgrades to the home.

Defendant was located based on the "ping" from the missing laptop removed from the [victim's] home (although the laptop has never been recovered). Defendant's truck was observed at [the victim's home] by a neighbor.

[The victim's] testimony that the lockbox was in the sunroom is credible. Having settled on the property on September 11, it would not be reasonable for a homeowner to leave a lockbox on the front door. Therefore, [d]efendant's testimony that he entered by using the lockbox code is not credible. However, [d]efendant's testimony indicates that he somehow gained access to the home. That access, together with the court's finding regarding the lockbox and the rear windows and door, supports the court's further finding that [d]efendant forcibly entered the residence . . . with the purpose of committing a crime therein, and without license to enter said residence. Further, while in the residence, [d]efendant removed property belonging to [the victim] with the purpose to deprive [the victim] thereof. Further, the property was valued at more than $500.00 but less than $75,000.

On appeal, defendant argues neither the evidence the State presented did not establish the elements of the crimes in the indictment nor that the judge's credibility determinations were erroneous. Instead, defendant argues his trial attorney did not present certain documentary evidence that defendant referred to during his trial testimony, and this evidence would have exonerated him. This argument overlooks our standard of review. The record amply supports the judge's factual and credibility determinations,

so we will not disturb them.  State v. Thompson, 224 N.J. 324, 345 (2016).

We decline to address defendant's remaining arguments.  The arguments in defendant's second point are grounded on the alleged ineffective assistance of his trial counsel.  Likewise, though couched in terms of an excessive sentence, which we do not find, defendant's third argument is based on his attorney's failure to make certain arguments during the sentencing proceeding.  "Our courts have expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record."  State v. Preciose, 129 N.J. 451, 460 (1992) (citations omitted).  Defendant may assert his ineffective-assistance claims in a properly and timely filed petition for post-conviction relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5338-16T1